**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| TERRY ZORNES, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SMITTY'S SUPPLY, INC., et al., ) <br> ) <br> Defendants. ) | Case No. 19-cv-2257-JAR-TJJ |

## MEMORANDUM AND ORDER

This matter is before the Court on two motions. The first is Defendants Smitty's Supply, Inc., Orscheln Farm and Home, LLC, Tractor Supply Company and Cam2 International, LLC's Motion to Stay Proceedings Pending Rulings by the Judicial Panel on Multidistrict Litigation (ECF No. 109). The second is Defendant Tractor Supply Company's Motion for Protective Order Relating to Deposition of Greg Sandfort (ECF No. 114). Plaintiffs oppose both motions. For the reasons discussed below, the Court will deny both motions.[1]

**Background**

On February 11, 2020, Defendants Smitty's Supply, Inc. ("Smitty's") and Cam2 International, LLC ("Cam2") filed a motion to transfer with the Joint Panel on Multidistrict Litigation ("JPML"), seeking to consolidate and transfer to the Eastern District of Louisiana this case and seven others filed in various districts. On the same day, all Defendants filed their Motion to Stay in this case. Defendants assert "[t]he decision of the JPML will have a direct

---

[1] Plaintiffs have filed unopposed motions asking the Court to set oral argument on both of Defendants' Motions (ECF Nos. 134, 136). The Court does not believe oral argument would be helpful or necessary. In light of this Memorandum and Order, the Court will terminate those motions as moot. Plaintiffs have also filed an unopposed motion for leave to file a sur-reply in opposition to TSC's Motion for Protective Order (ECF No. 138). The Court will grant the motion.

impact on the management of this Court during the pretrial period" and they seek a stay of this case pending the JPML's decision to avoid "duplication, inconsistent rulings and waste of this Court's time and resources."[2]

On February 12, 2020, Defendant Tractor Supply Company ("TSC") filed its motion for protective order relating to the deposition of Greg Sandfort. His deposition was the subject of an earlier discovery hearing before the undersigned Magistrate Judge. The motion now seeks an order, pursuant to Fed. R. Civ. P. 26(c) and Local Rule 26.2, protecting Tractor Supply and Mr. Sandfort from hardship, annoyance, oppression, and undue burden they assert would result from his appearing for a deposition.

The Court addresses each motion in turn.

**Motion to Stay**

Defendants jointly move the Court to stay all proceedings and deadlines in this case pending a final determination by the JPML on Defendants Smitty's and Cam2's Motion to Transfer.

"It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants. The granting of the stay ordinarily lies within the discretion of the district court.'" [3] In exercising this power, the court "must weigh competing interests and maintain an

---

[2] Mem. in Support of Motion (ECF No. 110) at 3. The Court presumes Defendants intended to say the management of this "case," and not of this "Court," in the first quoted phrase.

[3] *Struss v. Rural Community Ins. Services*, 18-2187-DDC-GEB, 2019 WL 1002420, at *4 (D. Kan. Feb. 28, 2019), *reconsideration denied*, 18-2187-DDC-GEB, 2019 WL 5102181 (D. Kan.

2

even balance."[4] In the context of a motion to stay pending a decision by the JPML, the Court notes that a case is not automatically stayed when a party moves the JPML for transfer and consolidation.[5] The JPML's rules specifically address the issue: "The pendency of a motion . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.[6]

> In deciding whether to grant a stay based on the pendency of a motion to transfer or a conditional order of transfer by the JPML, courts typically consider three factors: (1) potential prejudice to the nonmoving party if the case is stayed; (2) hardship and inequity to the moving party if the action is not stayed; and (3) judicial economy, i.e. whether judicial resources would be saved.[7]

The Court first addresses the issue of judicial economy. While Smitty's is correct that courts often grant stays when an MDL decision is pending, in every case Smitty's cites for that proposition there was an existing MDL action that a movant was seeking to join.[8] That is not the situation here. Instead, on the same day Smitty's filed this motion to stay, it and two other Defendants filed a motion with the JPML urging it to create a multidistrict litigation action (MDL) consisting of this case and seven others. While Smitty's posits that a stay of this case

---

Oct. 11, 2019) (quoting *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); in turn quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

[4] *Landis*, 299 U.S. at 255.

[5] *Asmann v. Dairy Farmers of Am., Inc.*, No. 12-1060-KVH-DJW, 2012 WL 1136865, at *2 (D. Kan. April 4, 2012).

[6] Rule of Pro. of the U.S.J.P.M.L 2.1(d).

[7] *Asmann,* 2012 WL 1136865, at *2.

[8] See cases cited in ECF No. 110 at 3-4.

3

would be "brief,"[9] the Court disagrees with that assessment. The JPML has set its calendar for its next hearing session on March 26, 2020, and this case is not on the docket for oral argument or for cases it will consider without oral argument.[10] The panel's next hearing session will be held on May 28, 2020,[11] and there is no assurance the panel will consider the motion at that setting.

Moreover, Plaintiffs' response suggests they will oppose the creation of an MDL.[12] And while Defendants are correct in noting that "[n]either party has a crystal ball and cannot say with certainty whether the JPML will accept or deny transfer,"[13] Plaintiffs present reasonable bases upon which the JPML could deny transfer. And even if an MDL is created and this case becomes a part of it, transfer likely will not occur for several months. In the meantime, the progress made in this case would be halted, to the detriment of judicial economy. The third factor argues against a stay.

Plaintiffs assert several ways in which they will suffer prejudice if this case is stayed. Plaintiffs would be prevented from taking the deposition of Greg Sandfort, suffer delay in getting production of documents responsive to their Third Request for Production of Documents, and be precluded from continuing merits discovery. As Plaintiffs point out, this case has been moving forward through the Phase I Scheduling Order deadlines for months, uninterrupted by the same counsel filing seven separate actions in other states bringing claims on behalf of class members

---

[9] *Id.* at 4.

[10] *See* Notice of Hearing Session, Case MDL No. 2244, Doc. 2253. The JPML issued the Notice on February 13, two days after Defendants filed the motion to transfer and consolidate.

[11] *See* jpml.uscourts.gov/hearing-information.

[12] Response (ECF No. 119) at 13-14.

[13] Defendants' Reply (ECF No. 122) at 9.

in those states, under the laws of those states. Counsel filed those actions between August 20, 2019 and November 5, 2019.[14] Yet Defendants did not seek transfer and consolidation until more than three months after the last case was filed, and on the heels of the Court permitting Plaintiffs additional time in which to depose Greg Sandfort. The Court finds the potential prejudice Plaintiffs would suffer from a stay argues against Defendants' request.

Finally, the Court assesses the hardship Defendants assert they will suffer if the case is not stayed. In their motion, they state in conclusory fashion that a stay "would alleviate the risk to Defendants of being subjected to pleading and discovery requirements as well as potentially conflicting or inconsistent rulings on pretrial matters."[15] In their reply, Defendants elaborate by noting witnesses who may be deposed in more than one case, and asserting they will have to litigate essentially the same claims in other courts. Their argument is not persuasive. If the JPML grants their pending motion, the resulting MDL will have its own Scheduling Order and discovery plan appropriate to the putative class members and applicable state law. The MDL court could order certification discovery in this case to be reopened. At this point, there is no basis to find that Defendants will face hardship and inequity if the Court denies their motion.

Each of the applicable factors weighs against staying the case pending a determination by the JPML. Accordingly, the Court denies Defendants' Motion to Stay.

**Motion for Protective Order**

Pursuant to Federal Rule of Civil Procedure 26(c), TSC seeks to preclude the deposition of Greg Sandfort, its former President (February 2009 – May 2016) and CEO (December 2012 –

---

[14] ECF No. 119 at 6-7.

[15] ECF No. 110 at 4.

January 12, 2020). Mr. Sandfort continues to sit on the company's board of directors, as he has since February 2013, and remains employed by TSC. In his affidavit submitted with the motion, he describes his position as "assist[ing] with the transition to new leadership, and . . . actively involved with and supporting the new president and chief executive officer."[16]

Acting under Rule 26(c), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"[17] The decision to enter a protective order is within the Court's broad discretion.[18] Despite this broad discretion, "a protective order is only warranted when the movant demonstrates that protection is necessary under a specific category set out in Rule 26(c)."[19] In addition, the party seeking a protective order bears the burden of establishing good cause.[20] The moving party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[21]

TSC asserts Plaintiffs should not be allowed to depose Mr. Sandfort because he has "no unique or special knowledge"[22] regarding the issues or facts of this case, and because his absence

---

[16] Sandfort Aff. (ECF No. 115-1) at 2.

[17] Fed. R. Civ. P. 26(c)(1).

[18] *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir.1995); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

[19] *Herrera v. Easygates, LLC*, No. 11–CV–2558–EFM–GLR, 2012 WL 5289663, at *2 (D. Kan. Oct. 23, 2012) (citing *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan.2003)).

[20] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

[21] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[22] *Id.* at 3.

6

for a deposition would be a significant hardship that would interfere with his "duties in ensuring a smooth transition in leadership."[23] TSC also argues that Plaintiffs should instead be required to notice a Rule 30(b)(6) deposition because Plaintiffs' questions are more appropriately addressed to a corporate representative, and any knowledge Mr. Sandfort has about this matter would be a result of information he learned from in-house and outside counsel and is privileged.

The Court rejects TSC's arguments. On January 2, 2020, Plaintiffs served their notice to take the videotaped deposition of Mr. Sandfort on February 7, 2020.[24] On February 5, 2020, at Defendants' request, the Court conducted a telephone Discovery Conference for the purpose of addressing Mr. Sandfort's deposition. In its summary of the dispute that TSC submitted in advance of the hearing, TSC asserted two reasons why the deposition should not be held. The first was that defense counsel was unavailable on February 7, 2020. The second was that Mr. Sandfort has no recollection of seeing a July 2014 letter addressed to him from Martin Lubricants alleging TSC was packing substandard product, the hydraulic fluid at issue in this case, nor does he have any "unique personal knowledge regarding the contracting, decision to purchase, the negotiations, or the purchase, sale or marketing of [the hydraulic fluid] products."[25] During the hearing, the Court noted that Plaintiffs first requested dates for Mr. Sandfort's deposition on December 12, 2019. When defense counsel did not agree to any suggested deposition dates, on December 30 Plaintiffs' counsel advised Defendants by email of the date and location they had chosen for Mr. Sandfort's deposition. On January 2, 2020, Plaintiffs served

---

[23] ECF No. 115 at 10.

[24] ECF No. 90.

[25] Defendants' Summary of Discovery Argument, submitted via email on February 4, 2020.

7

the notice for the deposition to be held on February 7, 2020, in Nashville. On January 8, 2020, defense counsel indicated that date may be problematic, but she would either let Plaintiffs know or offer alternative dates. Nearly five weeks later, on February 3, defense counsel wrote a letter stating she had not agreed to produce Mr. Sandfort on February 7 and due to Mr. Sandfort's lack of "unique personal knowledge," she suggested Plaintiffs employ written discovery and withdraw the deposition notice.

After having reviewed written status reports from both sides, the undersigned Magistrate Judge heard argument from counsel during the February 5 hearing. The Court expressed its concern that Defendants had strung Plaintiffs along since mid-December about the date of the deposition without raising an objection until the last minute.[26] The Court found the requested discovery relevant, rejecting the assertion that Mr. Sandfort's lack of "unique personal knowledge" equates to a lack of any relevant knowledge. After Plaintiffs' counsel expressed willingness to reschedule the deposition, the Court extended the deadline for class certification discovery only for this deposition.

TSC attached to its motion for protective order an affidavit from Mr. Sandfort. But his affidavit offers virtually no additional facts beyond what TSC's counsel wrote in the status report preceding the hearing or stated during the hearing. Mr. Sandfort's affidavit repeats the statement regarding his lack of "unique or special knowledge,"[27] which the Court already found does not

---

[26] With respect to timing, the Court noted that a request to stay the deposition would be untimely as more than 14 days had passed since service of the deposition notice. *See* D. Kan. Rule 26.2(b) (deposition stayed if objecting party files and serves motion within 14 days after service of notice of deposition).

[27] Aff. of Greg Sandfort (ECF No. 115-1) at 3.

make his testimony irrelevant. This is particularly so because he qualifies the limits of his knowledge to that "regarding Smitty's Supply Inc.'s 303 tractor hydraulic fluid, or the contracting, decision to purchase, the negotiations, the purchase, or sales and marketing of Smitty's Supply, Inc.'s 303 tractor hydraulic fluid products." Plaintiffs are not limited to conducting discovery only on those topics.

But even if Plaintiffs intend to inquire about areas TSC deems irrelevant, that would not be a basis upon which to grant a protective order. "Rule 26(c) does not provide for any type of order to protect a party from having to provide discovery on topics merely because those topics are overly broad or irrelevant, or because the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence."[28]

Mr. Sandfort also describes his change in roles at TSC, explaining that the company has transitioned to a new president and CEO, but that he remains employed to assist with that transition. He states that if he is required to attend a deposition, he "will not be available to perform my current duties and this will result in a significant hardship to Tractor Supply in ensuring a smooth transition to new leadership."[29] This conclusory and non-specific recitation does not satisfy TSC's burden to demonstrate specific facts showing that a deposition would cause undue burden.

Nor does TSC demonstrate a valid objection based on attorney-client privilege. Simply asserting that any knowledge Mr. Sandfort has about this matter would be a result of information

---

[28] *Kan. Waste Water, Inc. v. Alliant Techsystems, Inc.*, No. 02-2605-JWL-DJW, 2005 WL 327144, at *2 (D. Kan. Feb. 3, 2005).

[29] ECF No. 115-1 at 2.

9

he learned from in-house and outside counsel does not establish a privilege. Moreover, the statement potentially contradicts Mr. Sandfort's assertion that when he served as TSC's president and/or CEO, he received no unique or special information about the contracting, decision to purchase, negotiations, purchase, or sales and marketing of the product at issue.

TSC has not demonstrated that producing Mr. Sandfort for deposition would cause annoyance, embarrassment, oppression, or undue burden or expense. Accordingly, the Court denies TSC's Motion for Protective Order. The Court will limit the length of the deposition to four hours, which seems sufficient for Plaintiffs' needs and minimizes the disruption to Mr. Sandfort performing his duties.

Plaintiffs shall be permitted additional time in which to take Mr. Sandfort's deposition. Although the March 5, 2020 deadline was an extension of the class certification discovery deadline, it is unclear whether Plaintiffs seek Mr. Sandfort's testimony in support of their motion for class certification, for merits discovery, or both. Given the current state of affairs resulting from the COVID-19 virus pandemic, the Court will not set a new deadline. Instead, the Court directs counsel to confer and agree upon a reasonable plan for taking his deposition as soon as prudently possible.

**IT IS THEREFORE ORDERED** that Defendants Smitty's Supply, Inc., Orscheln Farm and Home, LLC, Tractor Supply Company and Cam2 International, LLC's Motion to Stay Proceedings Pending Rulings by the Judicial Panel on Multidistrict Litigation (ECF No. 109), and Defendant Tractor Supply Company's Motion for Protective Order Relating to Deposition of Greg Sandfort (ECF No. 114) are **DENIED**.

**IT IS FURTHER ORDERED** that counsel for Plaintiffs and for Tractor Supply

10

Company shall confer and agree upon a reasonable plan for taking the deposition of Greg Sandfort as soon as is prudently possible.

**IT IS FURTHER ORDERED** that Plaintiffs' Unopposed Motion to Set Oral Argument on Defendants' Motion to Stay Proceedings (ECF No. 134) and Plaintiffs' Motion to Set Oral Argument on Defendants' Motion for Protective Order (ECF No. 136) are **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiffs' Unopposed Motion for Leave to File a Sur-Reply in Opposition to Defendants' Motion for Protective Order (ECF No. 138) is **GRANTED**.

Dated this 18th day of March, 2020, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge